UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAAC A. MILLER,

Plaintiff,

v.

GOV. GAVIN NEWSOM,

Defendant.

Case No. 20-08021 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against the governor of California, Gavin Newsom.  Dkt. No. 1.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1

2

from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

Plaintiff is a state inmate currently incarcerated at the Salinas Valley State Prison. Dkt. No. 1 at 1.  Plaintiff is suing Governor Gavin Newsom for depriving him of the right to vote under the Fourteenth Amendment.  Dkt. No. 1 at 3.  He asserts that "historically speaking inmates used to vote regularly."  *Id.*  Plaintiff seeks to have his right to vote restored "and all others which may be construed as a right or immunity."  *Id.*

Section 2 of the Fourteenth Amendment expressly provides that the right to vote may be abridged for participation in a crime.  This section has been interpreted as allowing a state to disenfranchise those convicted of a crime, including those who have completed their sentences and paroles.  *See Richardson v. Ramirez*, 418 U.S. 24, 56 (1974).  In *Richardson*, ex-felons, who had completed their sentences and paroles, filed a writ of mandate compelling officials to register them as voters, alleging that the disenfranchisement violated their right to equal protection.  *Id.* at 26-27.  The Supreme Court held that, unlike any other voting qualification, felon disenfranchisement laws are explicitly endorsed by the text of the Fourteenth Amendment.  *Id.* at 41-53 (interpreting the provisions of "the less familiar § 2 of the Amendment").  The Court ruled that California's statute disenfranchising convicted felons who had completed their sentences and paroles was not inconsistent with the equal protection guarantee of the Fourteenth Amendment. *Id.* at 56.  Currently under the California Constitution as well, prisoners and parolees do

2

not have the right to vote.  *See* Cal. Const. Art. II, § 4.[1]  Because this restriction is narrower than that allowed by the United States Constitution, it has been reviewed and upheld by the California courts.  *See Flood v. Riggs*, 80 Cal. App. 3d 138, 151-157 (1978).

Plaintiff's complaint indicates that he is a convicted felon serving a sentence in state prison.  Dkt. No. 1 at 1.  Accordingly, his disenfranchisement is lawful under the Fourteenth Amendment as well as under the California Constitution.  As such, the complaint must be dismissed for failure to state a claim.   The Court further concludes that there is no set of facts that Plaintiff could allege that would cure the deficiencies in his complaint, and thus any amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED with prejudice** for failure to state a claim for which relief can be granted.   *See* 28 U.S.C. § 1915A(b)(1),(2).

**IT IS SO ORDERED.**

**Dated:  __March 19, 2021_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\08021Miller_dism(ftsac)

---

[1] At the time the Supreme Court decided *Richardson*, the California Constitution and the California Elections Code denied the right to vote to people who had been convicted of certain crimes.  Thereafter, California changed their law to allow those who have completed their sentences and are released from parole the right to vote.  The law currently provides that "[a] person entitled to register to vote shall be a United States Citizen, a resident of California, not in prison or on parole for the conviction of a felony, and at least 18 years of age at the time of the next election."  Cal. Elec. Code § 2101 (West 2006).